PeaRSOn, J.
 

 A term for years is a chattel real, constitutes a part of the personal estate, passes by succession to the executor or administrator, and is assets for the payment of debts. Termors are not considered the owners of the soil, or entitled to the privileges or distinction of freeholders, but have merely the right to occupy and take the profils. A term for years does not come within the operation of the English Statute of enrolment, or of our Statute concerning registration.
 
 Wall
 
 v. Hinson, 1 Ire. 276;
 
 Burnett
 
 v. Thompson, 13 Ire. 379.
 

 A term for years was liable at common law to be levied on and sold under a
 
 fieri facias
 
 as a chattel.
 
 Bingham on Judgments,
 
 3 Law Library 46 ;
 
 Taylor
 
 v.
 
 Cole,
 
 3 T. R. 292.
 

 
 *459
 
 So, the only question is, has the common law been changed, and is there any statute requiring terms for years, to be returned to Court and the sale to be made by the sheriffs under a
 
 vendi-tioni
 
 exponas, as in the case of land. The only statute relied on is Stat.
 
 1777
 
 — making lands and tenements liable for the payment of debts, under a
 
 fieri facias.
 

 We can see no principle of construction by which a statute, the professed object of which is to subject a new species of property to sale under execution, can incidentally be made to have the effect of elevating a chattel into land, so as to make it necessary to sell the former, with all the solemnity required in regard to the latter. The statute contains no intimation of an intention to make this change. It is true that a term for years is an estate in land, and it is capable of supporting a vested remainder ; but still it is a chattel, liable to be sold under the common law
 
 fieri facias,
 
 and treated in every respect as a part of the personal estate.
 

 It was said in the argument, that much injustice might sometimes be done, if a long and valuable lease for years could be sold by a constable, with as little ceremony as a cow or horse. The suggestion addressed to the law makers would have much force in it, and, as is said in
 
 Burnett
 
 v. Thompson, in reference to registration, it may be well in this way to call the attention of the Legislature to the subject. Butwe are confined to the question of construction, and have nothing to do with the matter of expediency.
 

 There is no difference between a term of ten years, and a term of one year, except that the statute of frauds requires the former to be in writing ; consequently a construction of the Act of
 
 1777,
 
 which would require
 
 long terms
 
 to be sold as land, would also require
 
 short terms
 
 to be sold in the same way ; and it would frequently happen that the lease would expire before there could be a levy returned to Court, notice to the defendant,
 
 venditioni ex-ponas,
 
 forty days advertisement, sale by the high sheriff, sheriff’s deed, a writ of possession after an action of ejectment. The mode of selling land, therefore, is wholly inapplicable to many leases. As no distinction can be made, the construction contended for is inadmissible.
 

 This is the first time that the question of selling leases has been presented. It is to be accounted for, no doubt, by the fact that the
 
 *460
 
 system of leasing has not been generally adopted in this State. The few leases that have been made, have been, generally, for one, two, or three years, at rack rent, that is, a rent equal to the annual value of the land ; and as the purchaser, as assignee, is bound for the rent, and performance of covenants, it has seldom been thought worth while to offer them for sale under execution.
 

 Long leases at a nominal rent, when a fine or price is paid at their creation, with the privilege of removal, are almost unknown.
 

 This state of things furnishes a strong argument against the construction of the Act of 1777, contended for, because it shows that the subject has not heretofore been deemed of any great importance ; and there was no sufficient reason or mischief to call for a change of the common law, by which leases were to be elevated and put on a footing with freehold estates. Consequently, they have been permitted to continue to occupy the place of chattels, and to be transferred and applied to the payment of debts, like any other part of the personal estate.
 

 The matter of construction is put beyond all question by the fact, that terms for years are excluded from the operation of the word “land,” used in two other important statutes. We have seen that terms for years need not be registered. The Act of 1715, Rev. Stat., ch. 37, provides that “ no conveyance or bill of sale for
 
 land
 
 shall be good, &c., unless proven and registered within
 
 two years,
 
 after the date of the deed.
 

 The statute 32 H. Till, permits lands and tenements to be devised. It has never been suggested that terms for years came within the operation of this statute : on the contrary, they have been permitted to pass, as at common law, to the executor, and by his assent, after the payment of debts, to pass to the legatee like other personal estate.
 

 Per Curiam. Judgment affirmed.